IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR13** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **PATRICK D.J. NICKS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 27). The government has adopted the PSR. (Filing No. 25.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 24, 25 and 26. The objections are discussed below.

*¶ 24 - § 2G2.2(b)(2) - Prepubescent Minor Under Age 12*

Nicks objects to the 2-level enhancement applied when the applicable "material involved a prepubescent minor or a minor who had not attained the age of 12 years, increase by **2** levels." U.S.S.G. § 2G2.2(b)(2). Nicks objects to the enhancement arguing that no evidence exists to support the allegation that the DVDs involved prepubescent children other than that the DVDs were advertised as such and that the DVDs are dated and it is impossible to accurately determine the age of the children.

The Court notes that Nicks does not object to the facts in ¶ 17, which state the agent's opinion that seven of the ten children "appeared" to be prepubescent. Furthermore, Nicks did not submit a written version of the offense. (Tr. PSR, ¶ 16.) However, the issue will be heard at sentencing.

*¶ 2G2.2(b)(6) - Use of a Computer*

Nicks objects to the 2-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(6) for using a computer to order the DVDs. The guideline provides that the enhancement applies when a computer is used for the "possession, transmission, receipt or distribution of the material." U.S.S.G. § 2G2.2(b)(6).

The Eighth Circuit stated that one is subject to the enhancement at issue by responding to a notice or advertisement received through computer use. *United States v. Stulock,* 308 F.3d 922, 923 (8th Cir. 2002). The objection is denied.

*¶ 26 - G2.2(b)(7)(C) - Number of Images*

Nicks objects to the 4-level enhancement due to the number of images involved in the offense. The guideline states that the enhancement applies if the number of images is at least 300 but fewer than 600. U.S.S.G. § 2G2.2(b)(7)(C). The application notes state that each video or similar recording is considered to have 75 images. *Id.* application note 4(B)(ii). The objection is denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 27) are denied in part as to the objections to ¶¶ 25 and 26;

2. The Defendant's objection to ¶ 24 will be heard at sentencing, and if the parties need more than 30 minutes for the sentencing hearing, they shall contact Edward Champion immediately and reschedule the hearing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 10th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge